```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


MARISHA N. WADE,                )
                               )
              Plaintiff,        )
                               )
       v.                       )
                               )     1:19CV619
ALAMANCE COUNTY DEPARTMENT OF   )
SOCIAL SERVICES and GUARDIAN AD )
LITEM ALAMANCE COUNTY,          )
                               )
              Defendants.       )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before the court are several motions filed by Plaintiff Marisha N. Wade and Defendants Alamance County Department of Social Services ("Alamance DSS") and Guardian ad Litem Alamance County ("GAL") (collectively "Defendants"). Plaintiff is proceeding pro se against Defendants for alleged violations of her constitutional rights stemming from the termination of her parental rights in a state court proceeding. For the reasons stated herein, the court finds Plaintiff's Complaint should be dismissed without prejudice as to both Defendants.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's central allegation is that Defendants lied to the state trial court about the date on which they received

reports of child neglect by Plaintiff and her partner. (Complaint ("Compl.") (Doc. 1) at 5.) That allegedly fictitious report date was included in a list of stipulations that Plaintiff signed during the state custody proceedings. (Id.) Plaintiff was represented by counsel when Plaintiff "agreed to and signed" the stipulations. (Id.) Plaintiff alleges that this fictitious report date harmed her in the following way:

> Due process was denied the plaintiff due to an early prejudice the defendants caused the plaintiff. Because of how long the defendants represented to the district court that they had been attempting (for one year) with the parents full knowledge; to initiate, protect the children, and work with the plaintiff. The court of first instance had absolutely no tolerance, lenience, or faith in the plaintiff's ability to parent, due to how long the situation had been going on before it got to them.

(Id. at 7.) The state trial court terminated Plaintiff's parental rights, a decision that was ultimately upheld by the North Carolina Supreme Court. In re D.L.W., 368 N.C. 835, 836, 788 S.E.2d 162, 163–64, reh'g denied, 369 N.C. 43, 789 S.E.2d 5 (2016).

Plaintiff filed her original pro se Complaint with this court, naming "Alamance County Department of Social Services" and "Guardian ad Litem Alamance County" as Defendants. (Compl. (Doc. 1) at 1.) Plaintiff does not seek the reversal of the state court's custody determination, but instead seeks damages

for violations of certain constitutional rights.[1] (Id. at 7, 10, 13.)

---

[1] In her Complaint and proposed Amended Complaint, Plaintiff declined to select any jurisdictional basis on the pro se complaint form used in this court. (Compl. (Doc. 1) at 3; Doc. 27 at 3.) Plaintiff is suing for damages under the Fourth, Fifth, and Ninth Amendments. The court construes Plaintiff's Complaint as an action under 42 U.S.C. § 1983. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." (internal quotations and citations omitted)); Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (noting that pro se complaints must be construed liberally); see also McCauley v. United States, No. 97-5130, 1998 WL 224949, at *1 (Fed. Cir. Apr. 20, 1998) ("With regard to the alleged constitutional violations, the trial court held that '[a] Fifth or Fourteenth Amendment due process violation . . . does not create an independent cause of action for money damages."); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution."); Foster v. Michigan, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations."); Fullard v. Staley, No. 1:15CV16, 2015 WL 13376296, at *2 (M.D.N.C. Jan. 29, 2015), report and recommendation adopted, No. 1:15CV16, 2016 WL 9080885 (M.D.N.C. Nov. 29, 2016), aff'd, 687 F. App'x 273 (4th Cir. 2017) ("As for the Ninth Amendment, it 'is a rule of interpretation rather than a source of rights.'" (quoting Froehlich v. State Dep't of Corr., 196 F.3d 800, 801 (7th Cir. 1999) (Posner, J.))); Demyun v. Pa. Dep't of Corr., No. 300CV155, 2001 WL 1083936, at *2 (M.D. Pa. Sept. 14, 2001) (noting that a plaintiff bringing Fourth and Fifth Amendment claims against state actors must sue under § 1983); cf. Norton v. United States, 581 F.2d 390, 392 (4th Cir. 1978) (explaining how plaintiff sued state police under § 1983, but sued federal officers directly under the Fourth Amendment in a Bivens action); Khan v. Worcester Cty.,

(Footnote continued)

- 3 -

Plaintiff mailed the summons and Complaint on September 4, 2019. (Doc. 5.) Defendant GAL filed a Motion to Dismiss on September 26, 2019. (Docs. 7, 8). Defendant Alamance DSS filed a Motion to Dismiss on October 31, 2019. (Docs. 15, 16.) Both Defendants moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(5) for insufficient service of process.[2] Plaintiff filed a response, (Doc. 10), to Defendant GAL's Motion to Dismiss, and a response, (Doc. 28), to Defendant Alamance DSS's Motion to Dismiss.

Plaintiff also filed a Motion for Default Judgment against Defendant Alamance DSS, (Doc. 11), and a Motion for Default Judgment against Defendant GAL, (Doc. 12). Defendant Alamance DSS filed a response to Plaintiff's Motion for Default against Defendant Alamance DSS. (Doc. 14.) Defendant GAL filed a

---

24 F. App'x 183, 187 (4th Cir. 2001) (affirming district court that dismissed actions brought directly under Fourth Amendment and not § 1983).

Though the Fifth Amendment Takings Clause may offer an independent cause of action separate from § 1983, see Lawyer v. Hilton Head Pub. Serv. Dist. No. 1, 220 F.3d 298, 303 n.4 (4th Cir. 2000), Plaintiff's Fifth Amendment claim is brought under the Due Process Clause, (Compl. (Doc. 1) at 5), an allegation with its own issues.

[2] Defendants also move for dismissal under Rules 12(b)(1), (4), (6), and (7). The court only addresses Rules 12(b)(2) and (5).

- 4 -

response to Plaintiff's Motion for Default against Defendant GAL. (Doc. 17.)

Plaintiff also filed a Motion for Leave of Court to File an Amended Summons, asking the court to add Defendant GAL's "true attorney Anna M. Davis" and to add Defendant Alamance DSS's attorney William L. Hill. (Doc. 20 at 1.) Simultaneously with her motion to amend her summons, Plaintiff also filed a motion to file documents electronically. (Doc. 21.)

Finally, Plaintiff filed a Motion for Leave to File Amended Complaint, (Doc. 26), as well as a proposed Amended Complaint, (Doc. 27). Defendant Alamance DSS filed a response in opposition to Plaintiff's Motion to Amend, (Doc. 31), and Plaintiff filed a reply, (Doc. 33).

The court finds that Plaintiff's claims against Defendant Alamance DSS should be dismissed under Rule 12(b)(2), and her claims against Defendant GAL should be dismissed under Rule 12(b)(5). All other pending motions will be denied as moot.

## II. **ANALYSIS**

The court first addresses the service of process issues and then addresses the personal jurisdiction analysis for Defendant

Alamance DSS. Finally, the court will briefly address Plaintiff's pending motions.

## A.   Service of Process

"A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process." Spinks v. Cohen, No. 1:19-cv-522, 2020 WL 1676919, at *2 (M.D.N.C. Apr. 6, 2020); accord Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). The plaintiff bears the burden of proving that process has been properly served under the Federal Rules of Civil Procedure. Spinks, 2020 WL 1676919, at *2.

> In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").

Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

Fed. R. Civ. P. 4(j)(2) deals with service of process for "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit . . . ." That

- 6 -

Rule requires that process be served either by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Id. 4(j)(2)(A)-(B).

> North Carolina law states that service on state officers or agencies must be made on the designated process agent, if one exists. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4). If a process agent has not been designated, process must be made on the North Carolina Attorney General or a deputy or assistant Attorney General, as set out in N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(c).

Spinks v. Cohen, No. 1:17-cv-875, 2018 WL 6416511, at *2 (M.D.N.C. Dec. 6, 2018) (footnote omitted). A plaintiff suing "Counties . . . and Other Local Public Bodies" must serve process on the:

> county manager or to the chairman, clerk or any member of the board of commissioners for such county; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its county manager or to the chairman, clerk, or any member of this board of commissioners for such county; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the county manager or to the chairman, clerk, or any member of the board of commissioners of that county, delivering to the addressee, and obtaining a delivery receipt.

N.C. Gen. Stat. 1A-1, Rule 4(j)(5)(b).

Plaintiff has not complied with these rules. Beginning with Alamance DSS, Plaintiff attempted to serve process on Alamance

- 7 -

DSS by certified mail sent to an address in Burlington. (Doc. 5.) This address is apparently the address for Alamance DSS's attorney, Ms. Jamie L. Hamlett. (Doc. 14-1). Ms. Hamlett is not any of the approved entities under North Carolina Rule of Civil Procedure 4(j)(5)(b). The Alamance County Manager, Bryan Hagood, avers that he has still not been served with process. (Doc. 14-2 at 1.) As to Defendant GAL, Plaintiff attempted to serve GAL by certified mail to an address in Graham, North Carolina. (Doc. 5.) It is not clear from the record who resides at that address.[3] It is also not clear if Defendant GAL is a state, county, or other entity or is a natural person.

Thus, neither the Alamance County Manager, nor the North Carolina Attorney General, nor a deputy or assistant attorney general have been served in accordance with N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(c) or 4(j)(5)(b).

> When service is ineffective, the Court has discretion
> to dismiss the action or quash service. <u>Lisson v. ING
> GROEP N.V.</u>, 262 F. App'x 567, 571 (5th Cir.
> 2007); <u>S.J. v. Issaquah Sch. Dist. No. 411</u>, 470 F.3d

---

[3] It also appears that Plaintiff herself attempted to serve process via certified mail. (<u>See</u> Doc. 5.) If so, Plaintiff also failed to comply with Fed. R. Civ. P. 4(c)(2). <u>See</u> <u>Thomas v. Nelms</u>, No. 1:09-CV-491, 2013 WL 593419, at *2 (M.D.N.C. Feb. 14, 2013) ("Should Ms. Thomas wish to serve Defendants by certified mail, she should have any non-party individual, who is over eighteen, deposit the summons and complaint in an envelope, have the envelope sent certified mail to Defendants, and sign an affidavit of service.").

1288, 1293 (9th Cir. 2006); <u>Marshall v. Warwick</u>, 155
F.3d 1027, 1032–33 (8th Cir. 1998); <u>Umbenhauer v.
Woog</u>, 969 F.2d 25, 30–31 (3d Cir. 1992); <u>Montalbano v.
Easco Hand Tools, Inc.</u>, 766 F.2d 737, 740 (2d Cir.
1985).

<u>Thomas v. Nelms</u>, No. 1:09-CV-491, 2013 WL 593419, at *1

(M.D.N.C. Feb. 14, 2013); <u>see also</u> <u>Simmons v. Stokes</u>, No. 8:11-

cv-00175-RMG-JDA, 2011 WL 2198298, at *1 (D.S.C. May 11, 2011),

<u>report and recommendation adopted</u>, Civil Action No. 8:11-CV-175-

RMG, 2011 WL 2293227 (D.S.C. June 6, 2011) (citing <u>Karlsson v.

Rabinowitz</u>, 318 F.2d 666, 668–69 (4th Cir. 1963)) (noting

failure to comply with service rules does not mandate

dismissal).

Though service has not been perfected on Defendant Alamance

DSS, the court finds that Defendant Alamance DSS has received

actual notice of this action. Service was delivered to and

received by the long-time attorney for Defendant Alamance DSS.

(Doc. 14-1.) Mr. Hagood, the Alamance County Manager, is aware

of the pendency of this action, though he has not been served.

(Doc. 14-2 at 1.)[4] Defendant Alamance DSS has retained counsel to

represent them in this matter. (Doc. 13.) Though Plaintiff has

failed to comply with the rules, the court finds the rules merit

_____

[4] As discussed in the next section, a county's department of
social services is not an entity that can be sued. However, if
it could, it would seem service must comply with the rules for
county organizations.

- 9 -

a "liberal construction" since Defendant Alamance DSS has "actual notice" of the suit. <u>Armco</u>, 733 F.2d at 1089. However, for the reasons explained in the next section, the court finds that Plaintiff has failed to establish personal jurisdiction over Defendant Alamance DSS.

As to Defendant GAL, the court finds it should dismiss Defendant GAL without prejudice rather than quashing service. It is not at all clear to this court who or what Defendant GAL is. <u>See</u> Fed. R. Civ. P. 4(a)(1)(A) (requiring a summons to name the parties involved). Indeed, counsel for Defendant GAL maintains that it is not an entity in existence that can be sued. (Doc. 17 at 1.) Plaintiff has moved to amend her summons as to both Defendants, to include adding the Assistant State Attorney General representing Defendant GAL. (Doc. 20.) Despite Plaintiff's pending motion to amend her summons and her <u>pro se</u> status, the court finds a dismissal without prejudice is more appropriate here than quashing service. As discussed below, <u>see</u> <u>infra</u> Section II.C, Plaintiff's Complaint is unlikely to survive other Rule 12 challenges, Defendant GAL is not clearly identified by the summons, and Plaintiff has failed to comply with multiple rules of service. Though the rules should be liberally construed, they "may not be ignored." <u>Armco</u>, 733 F.2d

at 1089. For these reasons, dismissing the action without prejudice is more appropriate than quashing service.

## B.  **Lack of Personal Jurisdiction over Alamance DSS**

Defendant Alamance DSS argues that it is not an entity capable of being sued, meaning the court cannot establish personal jurisdiction over it. (Doc. 16 at 8.) This court agrees and will dismiss all claims against Defendant Alamance DSS pursuant to Fed. R. Civ. P. 12(b)(2).

If a plaintiff files suit against an entity that is not capable of being sued, then the case is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. See Fisher v. Winston-Salem Police Dep't, 28 F. Supp. 3d 526, 534 (M.D.N.C. 2014); Deal v. Cape Fear Valley Hosp., No. 5:09-CT-3066-D, 2011 WL 354690, at *4 (E.D.N.C. Feb. 2, 2011); see also Moore v. S. Tower Med., Civil Action No. 3:12-CV-03981-N(BF), 2013 WL 2370583, at *1 (N.D. Tex. May 31, 2013). But see Robinson v. Bladen Cty. Sheriff Dep't, No. 7:10-CV-146-BO, 2010 WL 4054389, at *2 n.1 (E.D.N.C. Oct. 14, 2010) (dismissing a "non-jural entity" under Rule 12(b)(6)).

"The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cty., 660 F.2d 111, 113–14 (4th Cir. 1981); see also Fed. R. Civ. P. 17(b)(3). "In North

- 11 -

Carolina, in the absence of a statute, 'the capacity to be sued exists only in persons in being.' Therefore, departments of municipalities and counties are not susceptible to suit without statutory authorization." Evans v. Pitt Cty. Dep't of Soc. Servs., 972 F. Supp. 2d 778, 788–89 (E.D.N.C. 2013), vacated in unrelated part, appeal dismissed in part sub nom. Evans v. Perry, 578 F. App'x 229 (4th Cir. 2014), and aff'd in part, 616 F. App'x 636 (4th Cir. 2015) (quoting McPherson v. First & Citizens Nat'l Bank of Elizabeth City, 240 N.C. 1, 18, 81 S.E.2d 386, 397 (1954)).

Counties are legal entities capable of being sued, N.C. Gen. Stat. § 153A-11; however, there is no statutory basis for suing a department of social services, see Evans, 972 F. Supp. 2d at 788 (noting no statutory basis for suing a department of social services in North Carolina); Malloy v. Durham Cty. Dep't of Soc. Servs., 58 N.C. App. 61, 67, 293 S.E.2d 285, 289 (1982) ("With respect to the County's rights of subrogation, its Department of Social Services is no more capable of suing in its own name than is some lower echelon employee of such Department."). It is for this reason that many district courts in North Carolina have dismissed claims against departments of social services. See Hester v. Colvin, No. 1:16CV410, 2017 WL 375656, at *3 (M.D.N.C. Jan. 26, 2017); Evans, 972 F. Supp. 2d

at 789; Powell v. Nash Cty. Dep't of Soc. Servs., No. 5:14-CV-281-FL, 2014 WL 4055831, at *2 (E.D.N.C. July 22, 2014), report and recommendation adopted, No. 5:14-CV-281-FL, 2014 WL 4062715 (E.D.N.C. Aug. 14, 2014); Moua v. Alexander Cty., No. 5:09CV19-V, 2012 WL 252648, at *6 (W.D.N.C. Jan. 26, 2012); see also Johnson v. Marrow, 228 N.C. 58, 59, 44 S.E.2d 468, 470 (1947) ("Where a county is the real party in interest, it must sue and be sued in its name.").

Given the lack of statutory authority to proceed independently against Alamance County's Department of Social Services and following the lead of many other federal courts in this state, this court will dismiss Plaintiff's Complaint against Defendant Alamance DSS.

### C. Plaintiff's Pending Motions

Though the motions are moot in light of the court's findings regarding personal jurisdiction and service of process, the court briefly addresses Plaintiff's pending motions for default judgment, (Docs. 11, 12), to amend her summons, (Doc. 20), to file documents electronically, (Doc. 21), and to file an amended complaint, (Doc. 26).

Beginning with Plaintiff's Motions for Default Judgment against Defendants Alamance DSS and GAL, (Docs. 11, 12), the court finds that, even if service had been perfected and

- 13 -

personal jurisdiction existed, the motions should still be denied.

First, Plaintiff is premature in her motion for a default judgment. Plaintiff moved for a default judgment before moving for an entry of default as required by Rule 55(a). See Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request."). Plaintiff's motions for default judgment are premature.

Second, due to service and personal jurisdiction issues, no entry of default is possible against these Defendants. "[W]hen service of process is ineffective a court does not acquire personal jurisdiction over a party, and a default judgment resulting from such defective service is void." Bank United v. Hamlett, 286 B.R. 839, 843 n.3 (W.D. Va.), aff'd sub nom. In re Hamlett, 47 F. App'x 673 (4th Cir. 2002). For the reasons discussed supra, service as to Defendant GAL is still unperfected, meaning no default is possible. See Armco, 733 F.2d at 1089 (vacating a default judgment where service of process was insufficient). Similarly, the court does not have personal jurisdiction over Defendant Alamance DSS to enter any judgment.

Third, regardless of the service and procedural issues, Defendant GAL does not appear to have been in default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Absent a waiver of service, a party must serve its answer or other responsive pleading "within 21 days after being served with the summons and complaint . . . ." Fed. R Civ. P. 12(a)(1)(A)(i). When counting time periods "stated in days or a longer unit of time," courts "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A). Process was mailed on September 4, 2019. (Doc. 5.) Assuming it was received by Defendant GAL the next day, Defendant GAL had until September 26, 2019, to file a responsive pleading. Defendant GAL filed a Motion to Dismiss on September 26, 2019. (Doc. 7.) It appears Defendant GAL's responsive motion was filed within the required time period.

Finally, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). This is especially true where the opposing party "acts with reasonable promptness." See id.

- 15 -

Defendant GAL acted with reasonable promptness when filing its Motion to Dismiss. (See Doc. 7.) Defendant Alamance DSS also acted with reasonable promptness, considering the fact that Plaintiff's service on both Defendants has still not been perfected.

For all these reasons, Plaintiff's Motions for Default Judgment, (Docs. 11, 12), should have been denied absent the court's findings regarding service of process and personal jurisdiction.

Turning to Plaintiff's Motion for Leave to File Amended Complaint, (Doc. 26), the court finds that any amendment would likely be futile. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509(4th Cir. 1986). Delay alone is an insufficient reason to deny leave to amend. See id. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See id.

Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Defendant Alamance DSS opposes Plaintiff's Motion to Amend her Complaint on the grounds that it is futile since the two

- 16 -

complaints are similar in almost all regards. (Doc. 30.) The
court notes that the two Complaints are almost identical. The
Amended Complaint appears to differ only in that it now includes
exhibits of court records from the underlying state custody
proceedings. (See Doc. 27 at 5-6, 14-18.) Regardless of whether
the court can take notice of Plaintiff's exhibits to her Amended
Complaint, they do nothing more than substantiate that a report
date of February 6, 2012, is included in many of the state court
filings. (See, e.g., id. at 17.) Since the court must accept all
of Plaintiff's factual allegations as true at this stage of the
proceedings, Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020),
these exhibits do not strengthen her Complaint.

Further, even if Plaintiff was to offer a second amended
complaint with more allegations or greater specificity, such
amendment would be futile since it would not resolve the service
and jurisdiction issues discussed above. Any new allegations
against these Defendants would not address how the named
Defendants can be sued under any theory. Defendant Alamance DSS
cannot be sued regardless of what Plaintiff alleges, see supra
Section II.B, and Plaintiff has not alleged in either Complaint

facts that establish who or what Defendant GAL is. Plaintiff's motion to amend her complaint should, therefore, be denied.[5]

As to Plaintiff's Motion for Leave of Court to File an Amended Summons, (Doc. 20), the court finds that motion should be denied. As discussed in Section II.A supra, it is within the court's discretion to quash service or dismiss with prejudice when service is defective. Thomas, 2013 WL 593419, at *1. Amending the summons to name the attorney for Alamance DSS does not remedy the personal jurisdiction issues in suing a North Carolina county department of social services.[6]

---

[5] In addition to these issues, there also appear to be substantive legal issues with Plaintiff's Complaint. Plaintiff's Complaint appears to suffer from statute of limitation and immunity issues. See N.C. Gen. Stat. § 1-52(9) (noting statute of limitations for fraud in North Carolina); Moua, 2012 WL 252648, at *11 (finding cause of action accrued when plaintiff first lost physical custody of children); see also Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994) (holding that guardians ad litem have quasi-judicial immunity when performing functions); cf. McDonough v. Smith, ____ U.S. ____, ____, 139 S. Ct. 2149, 2158 (2019) (discussing statute of limitation issues in malicious prosecution action). However, the court does not resolve these issues here as it is dismissing Plaintiff's Complaint without reaching its merits.

[6] Plaintiff, at various times in her motion to amend her summons, refers to a defendant "Child Protective Services" ("CPS") (Doc. 20 at 2.) It is not clear to the court who "CPS" is, but Plaintiff appears to be using CPS to refer to Defendant Alamance DSS. For instance, Plaintiff claims that "Anna M. Davis Assistant Attorney General was the attorney for both Defendant GAL and Defendant CPS." (Id.) Ms. Davis initially represented both Defendant GAL and Defendant Alamance DSS. (See Doc. 7 at 1.)

Case 1:19-cv-00619-WO-LPA   Document 34   Filed 07/08/20   Page 18 of 21

As to Defendant GAL, "[t]he court may permit a summons to be amended." Fed. R. Civ. P. 4(a)(2) (emphasis added). Though little, if any, prejudice would likely result to Defendant GAL if the summons was amended, the court declines to amend the summons in light of two facts. First, it is not clear who Defendant GAL is, nor does the proposed amended summons clarify that point. The proposed amended summons, therefore, continues to violate Fed. R. Civ. P. 4(a)(1)(A). Second, if Plaintiff is suing the Guardian ad Litem appointed on behalf of her minor children, then that person has quasi-judicial immunity from Section 1983 liability for actions she took during the state proceedings. Fleming, 42 F.3d at 889. Because the application of the doctrine of immunity requires identification of a proper party, it is not clear who, if anyone, is required to appear and defend as "Guardian ad Litem Alamance County," and the amended summons does not address that issue, the court declines to grant the amendment.

Finally, Plaintiff also moved to file documents electronically. (Doc. 21.) With her Complaint dismissed, the court will deny that motion has moot.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the court finds that Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (5), (Docs. 7, 15), should be granted.

**IT IS THEREFORE ORDERED** that Defendant Alamance County Department of Social Services' Motion to Dismiss Plaintiff's Complaint, (Doc. 15), is **GRANTED.** Plaintiff's Complaint against Defendant Alamance County Department of Social Services is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant Guardian ad Litem Alamance County's Motion to Dismiss, (Doc. 7), is **GRANTED.** Plaintiff's Complaint against Defendant Guardian ad Litem Alamance County is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment as to Defendant Alamance County Department of Social Services, (Doc. 11), and Motion for Default Judgment as to Defendant Guardian ad Litem Alamance County, (Doc. 12), are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to File an Amended Summons, (Doc. 20), and Motion for Leave to File Amended Complaint, (Doc. 26), are **DENIED WITHOUT PREJUDICE,** and that Plaintiff's motion to file documents electronically, (Doc. 21), is **DENIED AS MOOT.**

- 20 -

A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 8th day of July, 2020.

_____
United States District Judge